v. Kh'Lajuwon Murat Good morning, Your Honors, and may it please the Court. Anshu Bhadrani, thank you, Anshu Bhadrani, Assistant Federal Public Defender on behalf of the appellant Kh'Lajuwon Murat. A district court does not have the authority to twice revoke a single term of supervised release, and this conclusion is compelled by the plain language of the statute in its words and in its structure. And so I wanted to start by going through the language of the statute at issue here. Let me ask you about that, because doesn't your interpretation of revoke in Section 3583E essentially duplicate the meaning of terminate, which also appears in Section 3583E and should have a meaning distinct from revoke? What's your response to that? I believe those words have different meanings in their ordinary meaning and how they're used in the statute, and so revoke and terminate, those are two different sort of options available to the district court with regard to supervised release. Termination, I think in the dissent of Johnson, which is the Supreme Court case that analyzed an earlier version of this statute, termination, at least how it's used in the statute, is sort of warranted by the defendant's good conduct. You've completed a year of supervised release, and in the interest of justice, we're going to say you've completed your supervised release, and you are no longer to be supervised by the court. You've completed your sentence. Revocation is used differently. Its meaning is different. Its use is different. It is about perhaps not doing as well on supervised release, and therefore revocation is recalled, annulled, taken back, and instead of serving your sentence on supervised release, you are sent back to serve a term of imprisonment. And so they do have different statutory meanings, and they mean different things in how the statute works overall. Your position is that when there is a revocation, and the revocation on the sentencing side includes a term of incarceration, any new term of supervised release is a whole new thing. Yes. It's a whole new term, completely independent of the initial term. Yes. And it's bounded by the statutory limitations on what can be imposed upon a revocation, but I believe that is how the statute has to operate and how... To go back to Judge Covington's question, doesn't Johnson cut against you? Johnson basically says that you have to read the words terminate and revoke differently, otherwise one might be rendered superfluous. And so it's not a termination, and if it's not a termination, this is a very weird linguistic problem, but if it's not terminated, it's sort of... Is it taking back? It's not a termination if it's not a completion. Taking back and put in limbo somewhere that can then... The government's position is, yeah, that's exactly what revocation is. It means taken back and sort of put up here, and it can be brought back at an appropriate time. Well, it can be brought back because of a different statutory provision in 3583, 3583H, which didn't exist when the Supreme Court was originally, or when they analyzed a pre-1994 version of the statute. And so they knew Congress, and they were working against the backdrop of knowing what the amendment to the statute was and what Congress's intention was, which was that the intention always was for a court to be able to reimpose a term of supervised release upon, after revocation. And so revoke and terminate, even in, they just, they don't mean the same thing. I don't think Congress intended for them to mean the same thing, and to say... Can I ask you a question? So far, you've been kind of talking like the Ninth Circuit versus the Sixth Circuit. It seems like this case, it seems like the only case that is on point is the one Fourth Circuit case that addresses a similar situation where you have the petition for revocation filed during the term of revocation, and then the district court addresses one thing in that and just waits to address another. Why isn't, why isn't this particular situation just addressed by tolling? That is, the petition was filed during the, even if you're right that there are two separate terms and all that kind of stuff, the petition was filed during the first one. The district court can wait to address the additional counts. I think that is addressed by subsection I of the statute, like delayed revocation. This isn't a delayed revocation situation. It's one petition. There was a revocation on that petition. When that term of supervised release is ended, you're serving a term of imprisonment and then revocation to follow. This is what I says, and now it's about actual, you know, when a term of imprisonment expires or terminates, but if we're going through your logic that they're equivalent, which I see you disagree with that a little bit, but you know, let's just bear with me. I mean, it says the power of the court to revoke a term of supervised release for violation of a condition of supervised release and to order the defendant to serve a term of imprisonment and blah, blah, blah, a further term of supervised release extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation. So here it's talking about specific violations, right? So why isn't it the fact that the petition filed by the government has multiple violations? Looks like this allows tolling per violation. So I think there's two, two distinct, like distinguishing factors, 3583I talks about a term expiring. And so presumably it's whatever term you're serving, as long as the violation petition is filed prior to the expiration of the term, this would allow for a revocation, a delayed revocation. There was no expiration here. There was the district court engaged in an actual, sorry, there was no expiration. There was a revocation, which has a legal meaning under the terms of the statute. And again, it's, it's that the, the client, but, but I guess your, but your position is that the legal meaning of revocation is the equivalent of an expiration, right? Because your position is that revocation ends the term. Revocation is a taking back. It's like an annulling of that part of your sentence and then sending you back to serve a term of imprisonment. It's not an expiration because an expiration requires no action whatsoever. It's just, you served it and then you're done. Termination is like a benefit for your good behavior and then you're taken off. Termination doesn't always come from good behavior. There, there are a number of cases, I mean, I had some as a district judge where you had multiple repeated violations of a term of supervised release and everybody decided, you know, supervised release is not working for this person. This is the fourth violation in two years and so the best option, sometimes the parties even agreed, is to just impose a term of imprisonment with no supervised release to follow. So it's not always terminated for good behavior and compliance. So that wouldn't be a termination. I think usually in those circumstances, there's a petition filed, there's a revocation proceeding, the defendant sentenced to some term of imprisonment with no further revocation term, no further supervised release to follow. But in that case, is it a revocation or a termination? It's a revocation. I don't think a termination, per the plain language of the statute on termination, in the interest of justice and after one year of completion, that it implies good behavior. That's why you would get termination. Most defendants will ask the court for termination after they've successfully completed one year of supervised release and that's how you get at that. But in the circumstance you're talking about, a revocation would occur with no further supervised release to follow at the judge's discretion. But even just to address sort of why these terms have to take on different meanings and why this is the better reading and most ordinary plain language meaning of the statute, is when there's a violation, separate terms of imprisonment are imposed for violations of separate terms of supervised release, not for separate violations of the same term. Violation petitions and the way the guidelines operate is you take the grade of the highest violation and that's what drives the sentence. And so it's not by violation that you're revoking a term of supervised release. It's by the consolidated petition. And on the reading of the government and in cases like Cross, it just doesn't make sense that you would be able to be sentenced for every violation because where's the end of that? Then anytime something new is discovered, there can just be a new violation petition filed. That's kind of my question is I don't think this case is about that because the government isn't seeking to re-allege new violations of conditions of some other, something of supervised release that happened many years ago. What happened is the government filed one petition. It had multiple counts in it and the district court said, we can adjudicate count one now because he doesn't even get to test count one, but I'll hold on to count two until we can have a basically a little mini hearing at some point. And your position is that you can't do that. You can't do that. And it doesn't make sense to do that because it's not like the sentence is driven by each violation of the petition. The guideline range is determined by taking the highest grade of the violation. And so I think that's what makes what happened here sort of like an unforced error on part of the district court. The district court didn't need to do it this way. It could have held the case. The government was, it was investigating what it believed to be a new law violation. And that was the reason for the hold. The defendant was ready to move forward on the violation petition. He doesn't, he's not in control of when a violation petition is brought, whether the government's ready to proceed on it or not. They make that determination. All that needed to happen here was if she wanted to wait to see what happened on the new law violation, she very well could have done that. Revoked one time and issued one revocation judgment and sentence. We're not, we're not issued any judgment at all. Right. She could have. Right. You adjudicated. You adjudicate the violation. Correct. And then you keep the defendant in jail. He was held. He was being held. He was being detained. And then you give the government a certain amount of time to put up or shut up. Oh, I. Come into court and decide whether or not it has evidence to prove the remaining violations and then enter one judgment. Whatever the court's going to do, revoke, terminate, imprisonment plus, et cetera. Correct. And that, and I see my time is up. Just want to say, and that, that is how the statute is intended to operate, but revocation is intended to occur one time per term of supervised release. Okay. Now, this is not a, this is not a mootness question because I don't think you have any mootness problems, but as a practical matter, as a practical matter, let's assume we agree with you across the board. What do we do? We reinstate the judgment, the first revocation judgment, which puts your client in the same position that he's in now. Right. Or it's also unclear. I'm not saying it's moot. I'm just saying that practically speaking, because the term of imprisonment is done. It's unclear what the judge intended the, the new term of supervised release to be. The number changed in a way that doesn't just subtract the amount of time that he served. So it's actually, do they, did she mean for them to combine? Because that would be statutorily erroneous. It's unclear. It's unclear. I think a reversal and a remand for issuance of a judgment that. We're not required to answer this question, but what's your thought about the new imprisonment term? Does that, is that when you go back down, you're going to ask the district court judge to shave it off of the term that was imposed the first go around because he's now served additional time? I think that that is an argument that is colorably one that should be made because he has served, in our view, a sentence that he should not have served on a judgment that is unauthorized. Okay. Can I ask one more practical question? Of course. Another practical question. So the way you're suggesting this should have worked is the district court says, we'll wait to do the petition until later when, you know, and a lot of these cases there's state trial stuff proceeding and whatnot. So you'd sort of wait until that got resolved. It seems like the downside of that is that the defendant is going to be in custody pending that resolution. It seems like the positive way of the district court doing it this way is the district court is at least given a basis to keeping the defendant in custody and not just like, we're just waiting to do this petition. Do you have any thoughts on that? I think it's important to recognize that the waiting, it's, we're always ready to go forward on a contested hearing. The thing that we would advise our clients not to do is agree that a violent, that we, you know, did something or that a violation occurred because there's outstanding state and then sometimes new federal charges. But in terms of like the revocation proceeding, it can go forward. In this case, the reason it didn't go forward is because the government was not ready on its purported new law violations and in its investigation of the case and its determination of whether they were going to bring a new charge or not. And because there was no clarity on that, that's where we ended up in this position that we were in. But usually the, what people in the business refer to as technical violations, violations that go to not complying with conditions that don't involve a new law violation, don't really present that sort of an issue. Right. And we don't have collateral consequences. Correct. For your client. So here we were willing and able and ready to move forward on the technicals. The difference in the guidelines at the end of the day is one month at the top of the more severe grade violation versus what was found here or what we were willing to plead to and move forward on. And so, again, this situation, it just didn't have to happen this way. And I don't believe the statute allows for it to happen this way. And that's why we're here.  Thank you. Thank you. We'll see you in a little while. Okay. Rosenfeld. Good morning. May it please the court, Daniel Rosenfeld for the United States. I want to start where my friend on the other side left off, which is with the remedy. And so as your honors pointed out, there are two things that look like judgments. The first one entered on February 21st, which includes a 54-month term of supervised release. And the second one entered in April 29, 2024, which includes a 48-month term of supervised release. So if your honors do what the appellant is asking and vacate judgment number two, he goes back down on a six-month longer term of supervised release. Not if... So my friend on the other side is incorrect. There's a Supreme Court case. I'm going to refer to all the Johnsons with first names, because there are a lot of Johnsons. So there's a Supreme Court case from the same year, 2000, Ray Lee Johnson, that says that if you overserve a term of imprisonment, you cannot credit that against supervised release. So I think he's actually going to be in a worse position. Well, but that's not in a case like this where there's a judgment that is allegedly void. You're right that if that case stands for that general proposition, but I'm not sure that it carries forward. I think it would take an extension of that case to extend to a scenario where if the defense is right in this case, the term of imprisonment was served because of a void judgment. Understood, Judge. So I don't know. I don't know what the answer to that might be. So I think we can avoid this, because I think the court should affirm for two reasons. The first is that that first quasi-judgment was not a final judgment. It didn't adjudicate all of the decisions, all of the violations. It expressly contemplated a further hearing. That order set a status conference for mid-March. And then in the second judgment, the court wrote, the court reconvened this final revocation hearing. So in fact, the original revocation order was not a final judgment, so there's no final judgment rule issue. I know it's just, the best way I tried to think about this case was to analogize it and it's imperfect to a sentencing hearing where sentencing goes forward on a number of counts of conviction and the judge says, okay, on these three counts of conviction, I'm imposing a judgment of, you know, 24 months in prison with three years of supervised release to follow. See you for sentencing on the other counts of conviction in a month and a half. Enters a judgment on the 24 months in the supervised release, then everybody comes back and he's like, okay, on these other counts, you get an additional year, so the total term is 36 and I'm going to add a year of supervised release. That's an imperfect analogy, but that sort of scenario doesn't seem quite kosher to me. I'm not sure you can split up the sentencing baby that way. Maybe supervised release is different. I think supervised release is different in a number of ways, Judge, and I think at that point I would move sort of to the text of the statute and to the Johnson case, because the Johnson case is, when I say Johnson, I mean Cornell Johnson, the 8-1 decision. Let me ask you about that. Why is the Supreme Court's Johnson decision binding on this court given that Johnson was limited to interpreting the pre-1994 section 3583? I don't understand, and I guess I'm with Judge Kethledge in the cross case in this, I don't understand what of the subsequent amendments, the 1994 amendment, the 2003 amendment, I don't think any of those additions abrogate that Supreme Court case, so I think that the best reading is to follow Johnson as Judge Kethledge. Did those additions change the language that the Supreme Court interpreted in Johnson? So the 1994, I believe, added H, and then in 2003 it added this language, authorized by statute for the offense that resulted in such term of supervised release, something like that, and so it doesn't go to the operative language that the Supreme Court was interpreting, which was, what does the term revoke mean? Yes, I mean, those changes may have changed the result of Johnson a little bit, because they sort of, they changed the way supervised release was accumulated and whatnot, but they didn't actually change the language that was interpreted in Johnson. That's my understanding, Judge. Let me ask you a question. So to me, so I read the Sixth Circuit case and the Ninth Circuit case and one of the Fourth Circuit cases, and they're addressing a situation where, you know, the government comes in, files a petition to revoke, gets a revocation, three years go down, you know, under water under the bridge, and then comes back and says, hey, we found something else that this guy did, you know, three years ago, we want to like re-revoke him for that, too, and they all say that's fine. The Ninth Circuit says you can't do that, but that's not what we have here, and I guess I'm trying to see, is there a distinction between what we have here and that, or do we have to say, do we have to pick the Sixth or the Ninth, even though the facts here are not anywhere close to what happened in the Sixth and the Ninth? Well, if I could ask you to pick, I'd ask you to pick the Third Circuit, which is an unpublished, and that's a Derrick Johnson, because that's, there's the exact same fact. Well, the Fourth Circuit has a published case that's the exact same facts as this one as well.  So I guess my question is, is there a distinction? I mean, I think, and I think one distinction, right, would be there, is there sort of a due process-y kind of angle, where there's, you're coming back years later, and here, of course, the defendant knew everything, there was one petition that was filed before any revocation, and so we sort of make that point in our brief, that there's no notice issue here. I guess, so the other thing that seems odd to me about this, this fact situation, is it seems like the defendant is really more complaining about like a paperwork error, because the district court could have said, in my court yesterday, the defendant admitted that he did X, Y, Z violation, and so I'm going to keep him in jail until we can adjudicate this other one, and then just at the adjudication of that one, enter one final thing, adjudicating both of them. Like, it seems odd to ascribe some significance to the fact that the district court, instead of doing that, entered a piece of paper that said, I find you guilty of violation one, and we'll address violation two later. Do you have any thoughts on that? I agree, Judge. It's sort of a technical point, and I think it's one of the Fourth Circuit cases, they assume without, I think it was one of the Fourth Circuit cases, the district court did in fact do that, and didn't enter an order, and they assumed without deciding, that by doing that, they implicitly, the district court had implicitly revoked, and they still said that was fine. So I think the entry of the judgment, quasi-judgment, either way, there's not a jurisdictional merit. But judgments usually have some effect, I mean, they're not just pieces of paper with no substantive meaning. I guess the way that this judge could have handled it, and I'm not saying this is the only way, but could have said, I find you violated conditions X, Y, and Z, the so-called technical violations, and when the time comes, I'm pretty sure I'm going to revoke your supervised release and impose a term of imprisonment, but I'll hold off on imposing a final judgment until we resolve the other pending violation allegations. That wouldn't have created any problem whatsoever, if the judge has a basis for keeping the defendant in custody based on the violations he was adjudicated on. Well, so if I recall correctly, I believe this defendant was arrested on a no-bond warrant, so he was being held pending the adjudication, so I think that would have been one basis. And I certainly agree, Judge Jordan, that is one way the district court judge could have handled this, but I think that the way the district court did handle it, in terms of jurisdiction, is totally appropriate and supported by the statute, supported by the Supreme Court case in Johnson, by the out-of-circuit cases we cite. So even if maybe it would have been better to do it a separate way, the way that this district court did it was fine. Can you, I know Judge Brasher asked you a variant of this question, but can you address the separate, although related, argument that assuming there's jurisdiction, you can't do it this way for conduct that predated the first so-called revocation judgment? So I think . . . The second argument that Mr. Murat makes here. So I think our position on that, Judge, is that he was still serving that first term of supervised release, because he was not yet released from incarceration and had not yet begun that second term. He was still in custody. So it never kicked in. Correct. For lack of a better term. Correct. Yeah, it just seems like the way the district court handled it here, it definitely presents some issues, but it doesn't present these broader issues, because the district court was addressing one piece of paper that said, please revoke, and then actually addressed that, as you just said, before he started his second term of supervised release. The whole thing was done before he started that second term. So even if that second term is, you know, once you start that second term of supervised release, there's some magic to that, and you can only be revoked for something you did during that second term. The district court even avoided that issue. And that was the issue in Wing, which is the Ninth Circuit case, is that the district court revoked the second term for something that happened during the first term. But I think sort of at a broader level, our position is that when you were in jail, after being revoked, you were still on supervised release. And even though that sounds a little bit strange, Judge Kethledge made this point that there's only the sanction that you're being punished for. The supervised release is part of the sanction, and the district court can't send you to jail for the new violation. It's doing it as part of the original one, the original, you know, jury finding, original guilty plea. And doing it any other way would create Sixth Amendment issues. And so, therefore, when you have been revoked and you are in prison, you are still on supervised release. And that's how Judge Kethledge squared E3 with Section H. So, if the court doesn't have any further questions, we ask the court to affirm, either because this was not, neither was a final judgment until the second one was entered, or because something, the district court retained jurisdiction to adjudicate the second half of the petition. All right. Thank you very much. So, I want to start where the government just ended, which is they view defendants as being on one single term of supervised release, even if there's been a revocation. And I think, practically speaking, the problem with that is, what is, like, what's the maximum term of supervised release that's left for you to serve upon a revocation? And that is, ties back to why the change in the statute was so important, and actually was a very meaningful change, because prior to 1994, the statute said, revoke a term of supervised release and require the person to serve in prison all or part of the term of supervised release, period. As in, the original term of supervised release, originally imposed, set the ceiling of what was available to the court to reimpose. When the statute was amended, it now reads, revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release. So there's now a modifier that sort of serves as a measure of duration and says to the court, you're no longer bound by the original term of supervised release you imposed in the original sentence. You can go all the way up to what statutory, the statutory maximum that we're allowing on a revocation. And that sets the maximum.  So if you, if you have a revocation now, this is the way I understand the new language. If you had a five-year term of supervised release theoretically available to you, but you sentenced to three years of supervised release on a revocation, you're no longer limited by that three years you initially imposed. You can go up to five minus time spent in custody, et cetera, et cetera. Prior to the amendment, you're limited by what was imposed in the original judgment.  What you initially sentenced to. And I think that also ties into why Johnson, the Supreme Court Johnson, it, it's not, we're not asking you to find that it's been abrogated or it's been overruled. It just, it, it looked at a prior version of a statute that's been meaningfully changed. And so now that we have new statutory language that the Supreme Court has not interpreted, it is like for this court to interpret that language and to do what it does when it interprets every statute, which is give words, they're plain and ordinary meaning and read words in context. And the addition of subsection H ameliorates the issue the Supreme Court in Johnson was dealing with that, that they recognize in their own opinion, they, they say in almost this, these words that they, their approach is very results oriented. They look for a definition of the term that allows for courts to reimpose a term of supervised release upon revocation, because they already know that that is what Congress intended because they've already seen Congress's amendment of the statute. But we don't need to do that here. You don't need to take on that, that unconventional reading of the word revoke because we already have now a separate subsection that allows for reimposition of supervised release upon revocation. So what we're asking for you to do here is to read the language of the statute and give it its plain and ordinary meaning and apply it in the way that makes the most logical sense and that tracks well with the guidelines. Because what the government's asking you to do, there's just, it doesn't make sense for how supervised release works and how we all know it to work. And it seems like a silly case because, you know, he's already served his sentence, um, but the judgment, he was issued two judgments. Yeah. So let me ask you about this. So that my sort of, my sort of thinking on this, um, is like, this seems like, I wouldn't say silly. Um, but I mean, it just seems like what the district court did here was at the end of the day, fine, that, that what you're, you're pointing out sort of a, what I characterize as a paperwork error, the district court should not have entered that first judgment, should have just kept him in custody. And then at the end should have entered one piece of paper. Why does the paper, why does the district courts, you know, the magic of that piece of paper is that under your reading, the district court loses its jurisdiction? Because it's not that it shouldn't have entered that piece of paper. It's that statutorily by the plain language of the statute, it could not have done that twice. And each time it sentenced Mr. Murad, it advised him, it went through the colloquy you go through when you, when you finally sentenced someone and issued a judgment, it advised him of his right to appeal. He had 14 days to appeal that judgment and then had him come back. And the point here is judgments do have meaning as Judge Jordan pointed out. It's not just a mere clerical error. And it seems in order, it's sort of an unforced error that we're now going to read a statute in an unconventional way to fix when we don't really need to have done that in the first place because this never really should have happened. So with that, thank you. Thank you both very much.